UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIAKE TEWS,<br><br>          Plaintiff,<br><br>    v.<br><br>SUNBELT RENTALS, INC., *et al.*,<br><br>          Defendants. | Case No. C17-1728RSL<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION<br>TO DISMISS FOR LACK OF<br>PERSONAL JURISDICTION |

This matter comes before the Court on defendant's "Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Improper Venue." Dkt. # 4. The Court has reviewed the memoranda submitted by the parties, defendant's declaration, and plaintiff's complaint.[1] For the following reasons, the motion is GRANTED.

## I. BACKGROUND

In this workplace injury suit, a Washington State resident seeks to hold a North Carolina corporation liable for injuries sustained in Georgia. Defendant Sunbelt Rentals, Inc. ("Sunbelt"), a heavy equipment rental company, is incorporated in North Carolina and maintains its principle place of business in South Carolina. Ford Decl., Dkt. # 5 ¶¶ 3–4. Defendant has approximately six hundred branch locations in the United States, including twelve locations in Washington. Id.

---

[1] This matter can be decided on the papers submitted. Plaintiff's request for oral argument is DENIED.

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION- 1

¶ 5. Defendant's Washington employees represent less than two percent of its workforce, and its Washington branches provide less than three percent of its rental revenues. Id.

In April 2016, plaintiff was employed as part of a team charged with setting up an athletic event at the Atlanta Motor Speedway in Atlanta, Georgia. Dkt. # 1-1 at 6. Plaintiff's employer rented a forklift from defendant's branch in Jonesboro, Georgia. Id. at 6–7. During the set-up, one of the forklift's forks became loose and struck plaintiff's head, injuring plaintiff. Dkt. # 1-1 at 8. Plaintiff later returned to Washington. He filed suit in Snohomish County Superior Court, alleging that defendants negligently provided a defective forklift. Dkt. # 1 at 1. Defendants removed to federal court. Id. Defendant Sunbelt then filed this motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12 and improper venue under 28 U.S.C. §§ 1391 and 1406(a).

## II. DISCUSSION

Plaintiff has the burden of demonstrating that the Court may exercise personal jurisdiction over defendant. In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 741 (9th Cir. 2013). In evaluating defendant's jurisdictional contacts, the Court accepts uncontroverted allegations in the complaint as true. Menken v. Emm, 503 F.3d 1050, 1056 (9th Cir. 2007). Because the Court did not hear testimony or make findings of fact, plaintiffs need only "make a prima facie showing of personal jurisdiction" to withstand a motion to dismiss. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) (internal quotation marks and citation omitted).

Pursuant to Fed. R. Civ. P. 4(k)(1)(A), federal courts ordinarily follow state law when determining the extent to which they can exercise jurisdiction over a person. Daimler AG v. Bauman, 134 S. Ct. 746, 753 (2014). The Washington State Supreme Court has held that, despite the rather narrow language used in Washington's long-arm statute, RCW 4.28.185, the statute "extends jurisdiction to the limit of federal due process," Shute v. Carnival Cruise Lines, 113 Wn.2d 763, 771 (1989). The Court therefore need determine only whether the exercise of

jurisdiction comports with federal constitutional requirements. Easter v. Am. W. Fin., 381 F.3d 948, 960 (9th Cir. 2004).

Plaintiff alleges that defendant is subject to the Court's general jurisdiction.[2] "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 317 (1945)). The Supreme Court recently made clear that the contacts that make a corporation subject to general jurisdiction are, for both practical and fairness reasons, generally limited to the place of incorporation and principal place of business. Daimler, 134 S. Ct. at 760. "These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." Id. "[I]n an 'exceptional case,'" however, "a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" BNSF Ry. Co. v. Tyrell, 137 S. Ct. 1549, 1558 (2017) (quoting Daimler, 134 S. Ct. at 761 n.19). When assessing whether a corporation is "at home" for purposes of general jurisdiction, a reviewing court must appraise "a corporation's activities in their entirety," rather than focusing solely on the defendant's in-state contacts. Id. at 1559 (quoting Daimler, 134 S. Ct. at 762 n.20).

Here, defendant is not "at home" in Washington State. Defendant is not incorporated or headquartered in Washington. Nor does defendant carry out activities in Washington "so substantial" as to justify the exercise of personal jurisdiction over defendant outside its place of incorporation or principle place of business. See Daimler, 134 S. Ct. at 761 n.19. Defendant

---

[2] In contrast to general jurisdiction, specific jurisdiction exists when "the defendant's suit-related conduct [creates] a substantial connection with the forum State." Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014) (internal quotation marks and citations omitted). Plaintiff does not assert that the Court has specific jurisdiction over defendant, and the Court does not address that question.

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION- 3

maintains a small fraction of its branches in Washington. It derives a small fraction of its revenue from those branches. In view of defendant's activities in their entirety, defendant's contacts with Washington are insufficient to subject defendant to general jurisdiction with respect to claims, like plaintiff's, that are unrelated to events in the forum. See Tyrell, 137 S. Ct. at 1559 (finding no general jurisdiction over corporation that maintained less than five percent of its workforce and generated less than ten percent of its revenue in the forum state).[3]

### III. CONCLUSION

For all of the foregoing reasons, defendant's motion to dismiss, Dkt. # 4, is GRANTED. Plaintiff's claims against defendant Sunbelt Rentals, Inc., are hereby DISMISSED without prejudice for lack of personal jurisdiction. To the extent plaintiffs can, consistent with their Rule 11 obligations, amend their complaint to include allegations remedying the deficiencies identified in this order, they may file a motion to amend and attach a proposed pleading for the Court's consideration by May 7, 2018.

DATED this 19th day of April, 2018.

Robert S. Lasnik
United States District Judge

---

[3] Additionally, defendant argues that venue is improper under 28 U.S.C. § 1391. However, where, as here, an action is removed from state court to federal court, the applicable removal statute governs venue. Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665–66 (1953). Defendant removed under 29 U.S.C. § 1441, which "expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" Id. at 665 (quoting § 1441(a)). Venue therefore is proper in the Western District of Washington. Even where proper venue lies, the Court may in its discretion transfer a removed action under 28 U.S.C. § 1404(a). The Court need not transfer this action, however, because plaintiff has already filed a related matter in the Northern District of Georgia. See Dkt. # 14.

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION- 4